Wilson Sewing Machine Company agt. Fuller.

## SUPREME COURT.

THE WILSON SEWING MACHINE COMPANY agt. FRANCES L. FULLER, impleaded, &c.

*Married women — Power to charge their separate estates.*

Where the complaint alleged that the defendants executed a bond to the plaintiff for $7,500, guaranteeing the payment of all indebtedness that might be incurred by one H. L. Wilcox to the plaintiff, and that defendant F. in said bond expressly charged her separate estate with the payment; then set out breaches of the bond and demanded judgment. F., the defendant, set up by answer "that at the time of the making of said bond she was, and still is, a married woman, and has had no separate estate and has carried on no separate trade or business: "

*Held,* that the complaint should be dismissed as to defendant F. If she had no separate estate at the time of the execution of the bond, she was not competent to enter into the contract which the bond contains.

A married woman cannot give herself a legal capacity to contract by falsely representing that she has such capacity.

*New York Circuit, February,* 1881.

THE complaint alleged that the defendants executed a bond to the plaintiff, dated November 23, 1875, for $7,500, guaranteeing the payment of all indebtedness that might be incurred by one H. L. Wilcox to the plaintiff, and that the defendant, Frances L. Fuller in said bond, expressly charged her separate estate with the payment.

The complaint then set out breaches of the bond and demanded judgment.

Said defendant set up by answer "that at the time of the making of said bond she was, and still is, a married woman, and has had no separate estate and has carried on no separate trade or business."

The case came on for trial at a circuit on February 21, 1881, and when the evidence was in, no dispute about the facts of

the defense arising, a motion was made to dismiss the complaint as to said defendant.

*Horace Secor, Jr.,* for defendant, cited *Manhattan B. & M. Co.* agt. *Thompson* (58 *N. Y.,* 80). The power to charge her separate estate by a married woman presupposes that she has a separate estate, and if she has not, she is under the common law disability (*Switzer* agt. *Valentine,* 4 *Duer,* 96; *Wood* agt. *Sanchey,* 3 *Daly,* 198; *Baker* agt. *Lamb,* 11 *Hun,* 521). She is not estopped, as estoppel only applies to a married woman in so far as her capacities have been enlarged (44 *N. Y.,* 249; 53 *id.,* 96).

*Betts, Atterbury & Betts,* for plaintiff, insisted that she was liable within the decision in *Cashman* agt. *Henry* (12 *J. & S.,* 93; *S. C.,* 75 *N. Y.,* 103).

LAWRENCE, *J.* — There must be a dismissal of the complaint as against the defendant Frances L. Fuller. If she had no separate estate at the time of the execution of the bond, she was not competent to enter into the contract which the bond contains.

In the language of BOARDMAN, J., in *Baker* agt. *Lamb* (11 *Hun,* 522), "a married woman cannot give herself a legal capacity to contract by falsely representing that she has such capacity."

I do not regard the case of *Cashman* agt. *Henry* as in conflict with the views expressed in *Baker* agt. *Lamb.*

Judgment is, therefore, granted, dismissing the complaint as to the defendant Frances L. Fuller.